UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-4300-JFW (CWx)**                                               Date:  July 2, 2009

Title:        Mark S. Cornwall, et al. *-v-* Gilbert Garcia, et al.

**PRESENT:**
            HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

     **Shannon Reilly**                                    **None Present**
     **Courtroom Deputy**                           **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                              None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

        On June 16, 2009, Plaintiffs Mark S. Cornwall, D'Arcy Cornwall, and Frank Molina (collectively "Plaintiffs") filed a Complaint in this Court against Defendants Gilbert Garcia, Garcia Architects, Inc., Everett Jay Woody, Everett Jay Woody dba Angeli de Covolo, Inc. and Everett Jay Woody Associates, Kay Darwin Long, Architecture & Construction Management, Inc., John Blankenship, and Blankenship Construction Inc. (collectively "Defendants").  Plaintiffs' Complaint alleges that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship between Plaintiffs and Defendants.

        Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

        Federal jurisdiction founded on section 1332(a) requires complete diversity, i.e. that all plaintiffs be of different citizenship than all defendants, and that the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *see also Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states"). It is clear from the face of the Complaint that the Court lacks jurisdiction of the subject matter of this action because the parties are not completely diverse.  Accordingly, the Court hereby

**DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.